OPINION
{¶ 1} Defendant-Appellant, Charles F. Neff, appeals the judgments of the Crawford County Court of Common Pleas, imposing two eighteen month sentences and one twelve month sentence to be served consecutively to each other. On appeal, Neff asserts that the trial court failed to properly follow R.C. 2929.12 when it sentenced him to the maximum sentence on all three of his convictions; that the trial court failed to properly follow R.C.2929.12 when it imposed consecutive sentences on him; and, that under Blakely v. Washington (2004), 542 U.S. 296 and Apprendiv. New Jersey (2000), 530 U.S. 466, the Ohio Sentencing Guidelines are unconstitutional. Finding that the trial court properly followed R.C. 2929.12 and that Ohio Sentencing Guidelines are constitutional, we affirm the judgment of the trial court.
 {¶ 2} In September of 2003, in case number 03-CR-0116, a Crawford County Grand Jury indicted Neff on a three count indictment. Count One was for possession of drugs, specifically cocaine, a schedule II controlled substance, within one thousand feet of a school, in the amount of 23.23 grams in violation of R.C. 2925.11(C)(4)(b), a felony of the fourth degree; Count Two was for possession of drugs, specifically cocaine, the amount equaling or exceeding five grams but being less than twenty-five grams in violation of R.C. 2925.11(C)(4)(b), a felony of the fourth degree; and, Count Three was for possession of drugs, specifically cocaine, a schedule II controlled substance in violation of R.C. 2925.11(C)(4)(a), a felony of the fifth degree. Subsequently, Neff plead not guilty to all counts.
 {¶ 3} In March of 2004, in case number 04-CR-0050, a Crawford County Grand Jury indicted Neff under a two count indictment. Count One was for burglary in violation of R.C. 2911.12, a felony of the fourth degree; and, Count Two was for burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. Subsequently, Neff plead not guilty to both counts.
 {¶ 4} In June of 2004, Neff was represented by counsel and an agreed plea was reached between the parties. As part of the plea agreement, Neff pled guilty, under case number 03-CR-0116, to Count One, possession of drugs in violation of R.C.2925.11(C)(4)(b), a felony of the fourth degree, and Count Three, possession of drugs in violation of R.C. 2925.11(C)(4)(a), a felony of the fifth degree. Additionally, Neff pled guilty, under case number 04-CR-0050, to an amended Count Two, burglary in violation of R.C. 2911.12(A), a felony of the fourth degree. All other charges against Neff were dismissed. Further, the parties did not recommend a specific sentence to the trial court, but agreed to allow a pre-sentence investigation and arguments on appropriate sentencing.
 {¶ 5} In August of 2004, a sentencing hearing was held. In addition to finding Neff convicted to the above counts, the trial court found that several factors enumerated under R.C.2929.13(B)(1) were present. Specifically, the trial court found that Neff had previously served prison terms and that one of the instant offenses involved an attempt to cause physical harm with a deadly weapon. Also, the trial court found that Neff was on bail or bond when some of the offenses were committed. Upon the conclusion of the sentencing hearing, the trial court sentenced Neff to eighteen months in prison under Count One of 03-CR-0116 for the violation of R.C. 2925.11(C)(4)(b), a felony of the fourth degree; twelve months in prison under Count Three of 03-CR-0116 for the violation of R.C. 2925.11(C)(4)(a), a felony of the fifth degree; and eighteen months in prison under Case 04-CR-0050 for the violation of R.C. 2911.12(A), a felony of the fourth degree. Additionally, the trial court ordered that the sentences be served consecutively.
 {¶ 6} It is from these judgments that Neff appeals, presenting the following assignments of error for our review.[1]
 Assignment of Error No. I The Court failed to properly follow 2929.12 when he sentencedAppellant to maximum sentences in all three counts.
 Assignment of Error No. II The Court failed to properly follow 2929.12 when he sentencedAppellant to consecutive sentences instead of concurrent.
 Assignment of Error No. III That based upon the rulings in Blakely v. Washington,542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 4003 (2004) and Apprendi v.New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435(2000), The Ohio State Felony Sentencing Law isunconstitutional.
 Assignments of Error Nos. I II {¶ 7} In his first assignment of error, Neff asserts that the trial court failed to properly follow R.C. 2929.12 when the court sentenced him to maximum sentences under all three violations. In his second assignment of error, Neff asserts that that trial court failed to properly follow R.C. 2929.12 when the court sentenced him to consecutive sentences instead of concurrent sentences. Because these issues are interrelated, we address them together.
 Standard of Review {¶ 8} Because assignments of error I and II address the statutory felony sentencing guidelines, we will use the following standard of review for both.
 {¶ 9} The structure of the Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03,2929.04, 2929.11, 2929.12, 2929.13, and 2929.14, determine a particular sentence. State v. Martin (1999),136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, para. one and two of syllabus.
 {¶ 10} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); seeMartin, 136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001),93 Ohio St.3d 391, 400.
 {¶ 11} According to R.C. 2929.14(C), a trial court may only impose the maximum prison term upon an offender who either committed the worst form of the offense or who poses the greatest likelihood of reoffending. In order to impose consecutive sentences on felony offenders, who have multiple prison terms imposed against them, the trial court must follow R.C.2929.14(E)(4), which provides:
If multiple prison terms are imposed on an offender forconvictions of multiple offenses, the court may require theoffender to serve the prison terms consecutively if the courtfinds that the consecutive service is necessary to protect thepublic from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousnessof the offender's conduct and to the danger the offender poses tothe public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multipleoffenses while the offender was awaiting trial or sentencing, wasunder a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release controlfor a prior offense.
 (b) At least two of the multiple offenses were committed aspart of one or more courses of conduct, and the harm caused bytwo or more of the multiple offenses so committed was so great orunusual that no single prison term for any of the offensescommitted as part of any of the courses of conduct adequatelyreflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender.
 {¶ 12} In determining whether either maximum or consecutive sentences should be imposed, the trial court must consider the seriousness and recidivism factors in R.C. 2929.12. R.C.2929.12(A). The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.; State v. Delong,
3rd Dist. No. 6-04-08, 2004-Ohio-6046, at ¶ 11, citing State v.Pitts, 3rd Dist. Nos. 16-02-01, 16-02-02, 2002-Ohio-2730, at ¶ 12.
 {¶ 13} Upon review of the record, we note that no written transcript was made of the proceedings, but the trial court provided a video recording to Neff in the form of computer medium. Under App.R. 9(A):
A videotape recording of the proceedings constitutes thetranscript of proceedings other than hereinafter provided, and,for purposes of filing, need not be transcribed into writtenform. Proceedings recorded by means other than videotape must betranscribed into written form. When the written form is certifiedby the reporter in accordance with App. R. 9(B), such writtenform shall then constitute the transcript of proceedings.
Even though the trial court provided Neff with a video recording of the proceedings, computer medium does not constitute a videotape recording. Therefore, App.R. 9 required that the trial court's video recording of the proceedings be transcribed into written form for our review. But, we have not been provided with any record of those proceedings, either written or the actual computer medium. It is Appellant's duty to order from the reporter the necessary portions of the transcript. App.R. 9(B). In absence of a transcript, an appellate court is required to assume the regularity of the lower court's proceedings. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 14} Assuming regularity in the lower court's proceedings, we will presume that the trial court considered all of the required statutory factors, made all of the required findings necessary to impose maximum and consecutive sentences at the sentencing hearing, stated its reasoning for making such findings at the sentencing hearing, and that the record supports these findings. Accordingly, Neff's first and second assignments of error are without merit and are overruled.
 Assignment of Error No. III {¶ 15} In his third assignment of error, Neff contends that the Ohio felony sentencing guidelines are unconstitutional. Neff relies upon the holding in Blakely v. Washington and Apprendiv. New Jersey for this assignment of error. This Court has previously ruled that Blakely does not apply to Ohio's sentencing scheme. State v. Trubee, 3rd Dist. No. 9-03-65,2005-Ohio-552, at ¶¶ 16-38. Therefore, Neff's third assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments Affirmed.
 Cupp, P.J., and Bryant, J., concur.
[1] We note that Neff's brief did not comply with App.R. 16(A) and Loc.R. 7(D). Specifically, Neff's brief did not provide a table of contents with page references, a table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited, a statement of the assignments of error presented for review, with references to the place in the record where each error is reflected, and a statement of the issues being presented for review, with references to the assignments of error to which each issue relates. App.R. 16(A)(1)-(4). Additionally, Neff's brief did not include an appendix in violation of Loc.R. 7(D). Finally, we note that Neff's brief provided propositions of law and not assignments of error, which is clearly in violation of Loc.R. 11.