OPINION *Page 2 
{¶ 1} Defendant-Appellant, Joseph C. Guajardo, appeals the judgment of the Defiance County Court of Common Pleas sentencing him to serve a five-year prison term following revocation of his community control sanctions. On appeal, Guajardo argues that the trial court erred in sentencing him to a five-year prison term for violations of community control when he claims that there was an implicit finding that the sentence for the underlying crime would have been two years. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In March 2006, the Defiance County Grand Jury indicted Guajardo on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree. The indictment stated that Guajardo had previously been convicted of domestic violence in Defiance County in April 1997 and in August 1998.
 {¶ 3} In June 2006, Guajardo agreed to the terms of a plea agreement whereby the State would recommend community control sanctions in exchange for a plea to domestic violence. The trial judge informed Guajardo that the third degree felony could result in a prison term of one, two, three, four or five years in a state prison, possible post release control, and a fine. Guajardo pled no contest and the trial court convicted him of domestic violence. *Page 3 
 {¶ 4} In August 2006, the trial court held a sentencing hearing and the trial judge, from the bench, expressed considerable doubt as to whether Guajardo could successfully complete community control based upon his prior criminal record.
 Your prior record is horrendous. You've got [a] history of being a violent drunk. You beat up every woman you've ever been within fifteen feet of. The State recommends that I put you on community control. Your prior record is so bad that I'm going to have to reserve a maximum prison term if I put you on community control which means that you violate your conditions of community control, you're going to spend five years in a state prison. Given your attitude throughout your history, I don't see any reasonable probability that you're going to make it on community control. Would you rather just go now for two and be done with us? Because as I said, if you violate — With your history, if you violate, you're going to go for five.
(Aug. 2006 Sentencing Hearing Tr., p. 6).
 {¶ 5} The trial court then went on to read some of the offenses from his prior record of the past thirty-five years which included over seven convictions for "drunk driving," three for larceny, five for assault or aggravated assault, at least six for domestic violence, and numerous others for driving with a suspended license, obstructing justice, resisting arrest, and failure to appear. The judge recounted several specific domestic violence incidents stating, that in 2000, in Arkansas, he struck a live-in girlfriend in the face on more than one occasion and threatened to kill her; that in 1998, he struck another girlfriend three times in the face, pulled her hair from her scalp, put something pointed to her throat, and also threatened to kill her; that in 1997, he struck another woman in the face with a *Page 4 
closed fist and smashed her glasses into her face; that in 1996, the police responded to another domestic violence complaint; that in 1993, he struck the son of a girlfriend in the face after he had been drinking all day; that in 1992, he struck another live-in girlfriend in the face after an argument when he was highly intoxicated; that in 1980, he struck or stabbed another woman while highly intoxicated; and, that there were additional assaults and domestic violence incidents where the victims were not specifically identified.
 {¶ 6} The trial court again expressed its concern as to whether Guajardo could complete community control, gave him one last opportunity to opt for an immediate prison sentence instead, and then reminded him two more times that he would serve five years if he violated the terms of community control. Guajardo repeatedly assured the court that he could comply with community control sanctions.
 {¶ 7} The trial court then sentenced Guajardo, stating that because of his "extraordinary prior record" the trial court would reserve a five year basic prison term and he would be admitted to four years community control sanctions with the additional special conditions that he not enter any bars or taverns, nor possess or consume any alcohol. The trial court admonished him that he was "prohibited from getting drunk and beating up women." *Page 5 
 {¶ 8} In January 2007, the State filed a motion to revoke his community control sanctions based upon allegations that he consumed alcohol at a party and assaulted a woman, although the woman did not wish to press charges.
 {¶ 9} In March 2007, at the revocation hearing, Guajardo admitted that he had consumed alcohol. The trial court ordered him to serve ten days of local incarceration, continued his community control sanctions, and warned him again about the potential of serving five years if he continued to violate the conditions of his community control.
 {¶ 10} In May 2007, the State filed another motion to revoke community control. Guajardo admitted entering a bar, ordering alcohol, and failing to report to his probation officer. Guajardo also conceded that when he was arrested, he smelled of alcohol and refused to take a breath alcohol test. The trial court again reviewed his record and noted his failures to follow through with alcohol and anger management programs and, thereafter, revoked his community control sanctions and sentenced Guajardo to serve the five-year prison term that had previously been reserved.
 {¶ 11} It is from this judgment that Guajardo appeals, [1] presenting the following assignment of error for our review. *Page 6 
 THE COURT ERRED IN SENTENCING MR. GUAJARDO TO SERVE A FIVE-YEAR PRISON TERM FOLLOWING A VIOLATION OF APPELLANT'S COMMUNITY CONTROL WHEN THE COURT HAD ALREADY INDICATED THAT A TWO-YEAR PRISON TERM WAS APPROPRIATE.
 {¶ 12} Guajardo argues that the trial court erred in sentencing him to serve the maximum five-year prison term for committing "relatively minor violations of community control." He claims that this prison term is excessive pursuant to R.C. 2953.08(A)(1)(a) because the trial court originally contemplated a two-year prison term for the underlying offense of domestic violence. Although Guajardo acknowledges that the trial court did reserve a five-year prison term at his sentencing hearing, he states that this was a "ceiling" and that the trial court had the discretion to impose a lesser term.
 {¶ 13} The purposes and principles of sentencing are to "protect the public from future crime by the offender" and to "punish the offender." R.C. 2929.11(A), State v. Ramos, 3d Dist. No. 04-06-24, 2007-Ohio-767, ¶ 26. In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio severed portions of Ohio's felony sentencing law after finding them unconstitutional. State v. Roehl, 3d Dist. No. 04-07-10,2008-Ohio-85, ¶ 9. In Foster, the Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Page 7 Foster, 2006-Ohio-856, at paragraph seven of the syllabus. In addition, the Court stated "[o]ur remedy does not rewrite the statutes, but leaves courts with full discretion to impose prison terms within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings of fact thatBlakely prohibits." Id. at ¶ 102. "Courts shall consider these portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." Id. at ¶ 105.
 {¶ 14} When a trial court sentences a defendant to community control sanctions, the court "must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, at paragraph two of the syllabus. If the conditions of community control are violated, the trial court has a great deal of latitude and wide discretion in sentencing the offender. Id. at ¶¶ 20-21.
 {¶ 15} In addition, Foster apparently altered the appellate court's standard of review for most sentencing appeals from "clear and convincing"[2] to "abuse of *Page 8 
discretion." Id. at ¶¶ 100 102. However, in State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, this Court noted that "the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C)." Id. at ¶ 23. Thus, a reviewing court may only disturb a trial court's sentence if it finds by clear and convincing evidence that either the record does not support the sentencing court's findings under the relevant statute or that the sentence is contrary to law. Id. at ¶ 18. The defendant bears the burden of showing by clear and convincing evidence that the trial court's sentencing is not supported by the record or is contrary to law. State v. Rhodes, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶¶ 4-5. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990), 55 Ohio St.3d 71,74, citing Cross v. Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus; State v. Neff, 3d Dist. Nos. 03-04-16 03-04-17,2005-Ohio-6864, ¶ 10. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims."State v. Jones (2001), 93 Ohio St.3d 391, 400, abrogated by State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. *Page 9 
 {¶ 16} We find that the trial court carefully followed all of the sentencing requirements mandated by Brooks and by Foster. Here, the prison term for a third degree felony ranges from one to five years. R.C. 2929.14(A)(3). The trial court specifically informed Guajardo that it was reserving a five-year sentence if Guajardo violated the conditions of his community control sanctions, both in its journal entry and several times during the sentencing hearing. Additionally, although the trial court was not required to make findings or state its reasons for imposing the maximum sentence, it is clear from the record that the trial court sentenced Guajardo to the maximum prison term based upon his prior record and convictions, which included multiple violent offenses, along with a failure to follow-through with any court-ordered programs or change his conduct. Therefore, the trial court's imposition of the maximum sentence was supported by the record and was not contrary to law.[3]
 {¶ 17} Guajardo also argues that Brooks allows a trial court to impose a lesser term of imprisonment than the one that was reserved under R.C.2929.19(B)(5), because at the time of sentencing, the trial court has no way of predicting how serious a future community control violation might be. See *Page 10 Brooks, 2004-Ohio-4746, at ¶¶ 21-23. Guajardo characterizes his drinking alcohol and entering a bar as only "minor" violations of community control sanctions, for which the trial court should have imposed a more lenient sentence.
 {¶ 18} When community control sanctions are violated, a trial court may impose a longer term of community control, a more restrictive sanction, or a prison term that may not exceed the term the offender was originally notified of under R.C. 2929.19(B)(5). Id. at ¶ 22. The trial court does have "the discretion to impose a lesser [prison] term" when it deems that action to be appropriate. Id. at ¶ 23.
 {¶ 19} The trial court repeatedly warned Guajardo at his sentencing hearing that he would be serving five years if he violated his community controls sanctions, and this warning was repeated again when he did violate those terms just a few months later. At the time of this first community control violation, the trial court gave Guajardo another chance and only imposed a ten-day sentence. Yet, only weeks after his release, he was back in court again for violating his community control sanctions. Furthermore, considering the facts before the trial court, we do not find that violations of the prohibitions concerning alcohol were "relatively minor" offenses. Guajardo had a long history of violence and breaking the law, usually associated with alcohol and intoxication. Guajardo demonstrated repeated flagrant disregard of the essential terms of community control relevant to *Page 11 
his "history of being a violent drunk." It was well within the trial court's discretion to sentence Guajardo to the previously reserved term of five years.
 {¶ 20} Finally, Guajardo claims that the trial court's original sentence for his domestic violence offense was "two years" and that the trial court should not have imposed an "additional three years" for "relatively minor" violations of community control. The record disproves this assertion.
 {¶ 21} As a general rule, a court speaks only through its journal. See, e.g., State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 6. In this case, the trial court clearly and emphatically stated that the reserved sentence would be five years, both in its journal entry and numerous times at the sentencing hearing. Although the trial court did give Guajardo the choice of serving a lesser sentence, rather than attempting to comply with the community control sanctions, Guajardo rejected this option and chose to stay with the original plea agreement. He cannot now change his mind in hindsight. Cf. State v. Yonis, 5th Dist. No. CA-05-21, 2006-Ohio-5993; ¶ 50; State v. Hughes, 8th Dist. No. 81768, 2003-Ohio-2307 (rejecting the defendant's request to reduce his six-year prison term after a jury verdict because it was excessive in contrast to the one-year sentence proposed as a plea bargain).
 {¶ 22} The record clearly shows that the reserved sentence was a five-year prison term, and Guajardo indicated he understood this and acknowledged it. As *Page 12 
discussed above, this sentence was within the statutory range and the trial court considered it to be appropriate based upon Guajardo's lengthy prior record and history of domestic violence.
 {¶ 23} Therefore, we overrule Guajardo's assignment of error.
 {¶ 24} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J. and WILLAMOWSKI, J., concur.
[1] Guajardo's original attorney was hospitalized during the period for filing a notice of appeal. A new attorney was appointed, but the deadline for the appeal had passed. In November 2007, Guajardo filed a pro se Notice of Appeal and a Motion for Leave to file a Delayed Appeal. This Court granted this Motion for Leave in December 2007.
[2] Although "clear and convincing" has frequently been referred to as a standard of review, it is more correctly defined as a degree of evidence or burden of proof. Abuse of discretion is clearly a standard of review. See, also, State v. Costlow, 8th Dist. No. 89501,2008-Ohio-1097, ¶ 15.
[3] This Court notes that, on May 21, 2008, the Ohio Supreme Court heard oral arguments in the case of State v. Kalish (Ohio Supreme Court Case No. 2007-1703) on the issue of whether the clear and convincing or abuse of discretion standard is the proper standard of review to be applied by an appellate court when reviewing a sentence. Although we have applied the clear and convincing evidence standard in this case, we note that the same conclusion would have been reached applying an abuse of discretion standard of review. *Page 1