DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from a Gallia County Common Pleas Court judgment that revoked community control and re-imposed the prison sentence previously given to Amanda Burns, defendant below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING MS. BURNS' JUDICIAL RELEASE." *Page 2 
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN IMPOSING COURT COSTS WITHOUT FOLLOWING THE APPLICABLE STATUTES GOVERNING IMPOSITION OF THOSE COSTS."
 THIRD ASSIGNMENT OF ERROR:
 "TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE TRIAL COURT'S FAILURE TO NOTIFY MS. BURNS ABOUT THE OPTION OF COMMUNITY SERVICE TO WORK OFF COURT COSTS AND ASKING THE TRIAL COURT TO WAIVE COURT COSTS."
 {¶ 3} In June 2005, appellant pled guilty to attempted burglary. The trial court sentenced her to serve to seventeen months in prison. She applied for judicial release on three separate occasions, and was finally granted such release in January 2007. The terms of her release included community control supervision for thirty months.
 {¶ 4} On October 24, 2007, appellant's probation officer filed a report that indicated that appellant had violated community control by, inter alia, failing to report for visits and failing to pass a drug test. Two months later, appellant agreed to enter a "rehab" program. Appellee requested a six month continuance and agreed that it would not pursue the violation if appellant completed that program. Unfortunately, two weeks into the program appellant was released due to conflicts with staff members.[1]
 {¶ 5} At the January 7, 2008 hearing, evidence was adduced concerning her alleged community control violations. At the conclusion of the hearing, the trial court concluded that appellant violated community control and reimposed her seventeen *Page 3 
month prison sentence. These appeals followed.[2]
 I {¶ 6} Appellant asserts in her first assignment of error that imposing her original seventeen month prison sentence for violating community control, rather than imposing a less harsh sanction, constitutes an abuse of the trial court's discretion. We disagree.
 {¶ 7} As appellant correctly notes, our standard of review on this issue is whether the trial court abused its discretion. See State v.Guajardo, Defiance App. No. 4-07-24, 2008-Ohio-3599, at ¶¶ 18-19;State v. Belcher, Lawrence App. No. 06CA32, 2007-Ohio-4256, at ¶¶ 20-21. An abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331, 335; State v. Moreland (1990), 50 Ohio St.3d 58, 61,552 N.E.2d 894, 898.
 {¶ 8} In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732,654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181.
 {¶ 9} We concede appellant's point that she missed only one appointment with her probation officer. We further acknowledge that, for one reason or another, *Page 4 
appellant had not found work and found it difficult to pay $50 per month in court costs while on community control (another reason for revoking control).
 {¶ 10} However, those events are not the only reasons that the trial court revoked community control. The other, and arguably more important, reason is appellant's persistent drug problem. Appellant's second, pro se motion for judicial release in 2006 speaks to her participation in drug rehabilitation programs while in prison. Apparently, appellant did not fully benefit from those programs. The terms of her judicial release and community control require that she remain drug free. A saliva test that Joy Elliot, her probation officer, administered on October 13, 2007 indicated positive for the presence of cocaine. Even then, appellee was willing to forego proceeding with community control violation if appellant successfully made another attempt at drug rehabilitation. Her belligerence to staff, however, caused her to be expelled from that program. The trial court apparently concluded, and we readily agree, that confinement may be the only way to keep appellant away from drugs. In light of these facts and circumstances, we conclude that the trial court did not abuse its discretion by re-imposing the original sentence.
 II {¶ 11} Appellant's second assignment of error involves another part of the trial court's sanction for violation of community control. In particular, appellant notes that the trial court informed her at the end of the hearing that she was "also going to be ordered to pay all costs of [her] unpaid supervisory fees, court costs and previously *Page 5 
imposed reimbursement fees before any post-release control is terminated." Appellant argues that the trial court erred by not informing her that she could be ordered to perform community service if she failed to pay those costs. We agree.
 {¶ 12} R.C. 2947.23(A)(1) provides:
 In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount. (Emphasis added.)
Appellant correctly notes that in State v. Ward, 168 Ohio App.3d 701,861 N.E.2d 823, 2006-Ohio-4847, at ¶ 41, we held that trial courts must provide this information. We find no indication in the transcript that appellant was provided such notice. Thus, we find this assignment of error well taken and it is hereby sustained.[3] *Page 6 
 III {¶ 13} Appellant asserts in her third assignment of error that her trial counsel was constitutionally ineffective for not bringing the failure to comply with R.C. 2947.23(A)(1) to the attention of the trial court and asking the trial court to waive those costs. In light of our ruling on the second assignment of error, however, this issue is moot and is hereby disregarded pursuant to App. R. 12(A)(1)(c).
 {¶ 14} Having sustained appellant's second assignment of error, the judgment is affirmed in part and reversed in part. The portion of the trial court's order that imposed court costs is hereby vacated and this issue remanded for further proceedings consistent with this opinion. At that time, appellant may raise the issue of waiver of those costs.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered the judgment be affirmed, in part, reversed, in part, and the case remanded for further proceedings consistent with this opinion. Appellant to recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the *Page 7 
Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion
[1] In its request for hearing after appellant was expelled from the program, appellee alleged that appellant brought contraband into the facility. However, no such evidence was introduced during the hearing. Thus, we ignore that allegation.
[2] Appellant, representing herself pro se, filed a notice of appeal from that judgment, not only in this case, but in two other pending criminal cases as well. We sua sponte ordered the appeals consolidated in a May 13, 2008 entry. We also note that the pro se notice of appeal refers to the trial court's bench announcement of guilt at the conclusion of the community control violation hearing. Consistent with App. R. 4(C), we treat that notice of appeal as taken from the January 11, 2008 judgment.
[3] Appellee counters that appellant has not been prejudiced by the trial court's failure to inform her that she may be required to perform community service to pay those costs as such an order has not yet been entered. In dicta, Judge Kline noted this "ripe[ness] issue inWard, 2006-Ohio-4847, at ¶ 41. But, carried to its logical conclusion,reductio ad absurdum, no failure to inform someone of this provision would ever be appealable because they would not be prejudiced until some time in the future. Further, it is also possible that someone ordered to pay such costs once they are out of prison may, while still in prison, find the prospect of community service so distasteful that they decide to liquidate assets or somehow obtain funds to pay those costs. *Page 1