[Cite as *State v. Sims*, 2011-Ohio-4819.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95979**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LENNY SIMS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529983

**BEFORE:** Celebrezze, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road
Suite 335
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Patrick J. Lavelle
        Thorin O. Freeman
        Kristen L. Sobieski
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, Lenny Sims, appeals his convictions for drug trafficking and having a weapon while under disability.  After careful review of the record and relevant case law, we affirm appellant's convictions, but reverse and remand in part for further proceedings consistent with this opinion.

{¶ 2} On November 4, 2009, appellant was named in an eight-count indictment.  The indictment charged him with one count of drug trafficking, in violation of R.C. 2925.03(A)(2), including a one-year firearm specification, a

major drug offender specification, a juvenile specification, and numerous forfeiture specifications; one count of drug possession, in violation of R.C. 2925.11(A); one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(3); one count of possessing criminal tools, in violation of R.C. 2923.24(A); and four counts of endangering children, in violation of R.C. 2919.22(A).

{¶ 3} On March 4, 2010, pursuant to a plea agreement entered into with the state, appellant pled guilty to the charge in Count 1, drug trafficking with the major drug offender, juvenile, and forfeiture specifications, and the charge in Count 3, having a weapon while under disability. Appellant's remaining counts and the one-year gun specification were dismissed.

{¶ 4} After informing appellant of his constitutional rights, the trial court accepted his guilty plea and sentenced him to a ten-year term of imprisonment on the drug trafficking charge and a one-year term of imprisonment on the charge of having a weapon while under disability. The trial court ordered that the sentences be run concurrently to each other, for an aggregate term of ten years in prison.

{¶ 5} Following imposition of sentence, appellant filed a motion to vacate payment of court costs and/or motion to impose community service in lieu of fines and costs, which the trial court denied.

{¶ 6} Appellant now appeals, raising two assignments of error.

**{¶ 7}** I. "The trial court erred in accepting a plea that was not knowing, intelligent, and voluntary."

**{¶ 8}** II. "The trial court erred in failing to notify appellant of his mandatory sentence, his court costs, and the consequences of failing to pay court costs."

## Law and Analysis

### I

**{¶ 9}** In his first assignment of error, appellant raises several arguments relating to his contention that the trial court erred in accepting a plea that was not knowingly, intelligently, and voluntarily made.

**{¶ 10}** Initially, appellant contends that the trial court failed to properly advise him of the maximum penalty involved in his plea pursuant to Crim.R. 11(C)(2)(a). Under Crim.R. 11(C)(2), before accepting a guilty plea, a trial court must address the defendant personally and determine that he is making the plea voluntarily "with understanding of the nature of the charges and the maximum penalty involved." A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

**{¶ 11}** As to the nonconstitutional aspects, such as a defendant's right to be informed at the plea hearing of the maximum possible penalty that could be imposed upon conviction, strict compliance is strongly preferred, but not

required.   *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. Thus, a defendant's plea will not be vacated so long as a trial court has substantially complied with the rule.   Id.

{¶ 12} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."   Id.   "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance."   *State v. Caplinger* (1995), 105 Ohio App.3d 567, 572, 664 N.E.2d 959.

{¶ 13} During the March 4, 2010 plea hearing, the following colloquy took place:

{¶ 14} "[PROSECUTOR]:   Concerning the defendant Lenny Sims, the State will be amending count one of the indictment by again deleting the firearm specification, so that count one of the indictment reads drug trafficking in violation of Section 2925.03 of the Ohio Revised Code, to wit crack cocaine in an amount that exceeds 100 grams.

{¶ 15} "With that is the major drug offender specification in violation of 2941.1410, and a juvenile specification in violation of 2925.01.   * * *   As indicted — or I should say as per statute, being over a hundred grams of crack cocaine, this carries with it a mandatory ten years imprisonment in a state institution.         "* * *

{¶ 16} "The major drug offender specification allows for the Court to potentially sentence him to an additional one to ten years.

{¶ 17} "THE COURT:  Gotcha.  Thank you.

{¶ 18} "[PROSECUTOR]:  And, again, there is a juvenile specification. And along with that carries with it the mandatory — a fine of up to $20,000, of which $10,000 is mandatory.

{¶ 19} "Your Honor, also there would be forfeiture of a cell phone, of a gun, that being a Cobra .38 semiautomatic handgun, * * * the forfeiture of another handgun, that being a Taurus semiautomatic handgun, * * * the forfeiture of a Mossberg 12 gauge shotgun, * * * the forfeiture of two scales, the forfeiture of $545 in U.S. currency, the forfeiture of packing materials, and the forfeiture of ammunition.

{¶ 20} "Additionally, your Honor, the defendant will be entering a plea of guilty to count three of the indictment, which was a violation of 2923.13 of the Ohio Revised Code.  This is an F-3 as indicted, which carries with it a possible penalty of one to five years in a state institution, possible $10,000 fine.  And again, forfeiture of the Cobra .38, the Taurus and the 12 gauge shotgun.

{¶ 21} "Should these pleas be forthcoming, your Honor, the State would then ask the Court to nolle count two of the indictment, which is drug

possession, count four of the indictment, which is possessing criminal tools, and counts ten, eleven, twelve and thirteen, which is endangering children.

{¶ 22} "THE COURT:   [Appellant,] I am going to be asking you a series of questions to make sure you understand the Constitutional rights that you would be giving up if you are entering pleas.   * * * have you heard everything that's been stated in Court this morning by your lawyer and the assistant county prosecutor?

{¶ 23} "[APPELLANT]:   Yes.

{¶ 24} "THE COURT:   Do you understand everything that you have heard?

{¶ 25} "[APPELLANT]:   Yes."

{¶ 26} Subsequently, the trial court advised appellant of his constitutional rights and stated that the court would impose a mandatory five-year period of postrelease control.   In regard to the trial court's discussion of appellant's potential sentence, the following colloquy occurred:

{¶ 27} "THE COURT:   And for you, [appellant], do you understand that the potential prison term for a felony of the first degree ranges from three to ten years, and because this is a drug case there is a maximum fine of $20,000 and a mandatory fine of $10,000.   Do you understand that?

{¶ 28} "[APPELLANT]:   Yes, sir.

{¶ 29} "[PROSECUTOR]: Excuse me, your Honor. Based on statute, because of the weight of the drug, it is not three to ten, it is just a flat ten. It is a mandatory ten years.

{¶ 30} "THE COURT: Okay. With that, do you understand that based on the statute it is a mandatory ten years in prison? Do you understand that, [appellant]?

{¶ 31} "[APPELLANT]: Now I do."

{¶ 32} Based on the March 4, 2010 plea colloquy, appellant argues that the trial court failed to comply with Crim.R. 11(C)(2)(a) because of the trial court's initial misstatement regarding the maximum penalty for the drug trafficking charge and its complete failure to discuss on the record the penalties associated with appellant's charge of having a weapon while under disability.

{¶ 33} In *State v. McKissic*, Cuyahoga App. Nos. 92332 and 92333, 2010-Ohio-62, the defendant argued that the prosecutor, rather that the trial judge, explained the maximum penalties at the plea colloquy. The court found that "[a]lthough it would have been better for the trial judge himself to have explained the maximum penalties to [defendant], substantial compliance with Crim.R. 11(C) suffices with respect to nonconstitutional rights. Thus, the court may properly determine that the defendant understands those matters from the totality of the circumstances, without

informing him about them directly." Id., citing *State v. Gibson* (1986), 34 Ohio App.3d 146, 517 N.E.2d 990; *State v. Rainey* (1982), 3 Ohio App.3d 441, 446 N.E.2d 188.

**{¶ 34}** In this matter, the record adequately sets forth that the prosecutor informed appellant of the potential maximum sentences for the drug trafficking charge and charge for having a weapon while under disability. Additionally, appellant stated on the record that he understood the potential maximum penalties based on the prosecutor's statements to the court. Although we acknowledge the inadequacies in the trial court's discussion of appellant's maximum penalties, the totality of the circumstances indicates that appellant understood the potential maximum penalties associated with his guilty plea. Therefore, we find that the trial court substantially complied with Crim.R. 11(C).

**{¶ 35}** Appellant next complains that the trial court committed reversible error by failing to inform him that, upon acceptance of his guilty plea, the trial court could proceed immediately to judgment and sentence. Because it is a nonconstitutional right, the trial court must substantially comply with this requirement of Crim.R. 11(C). Although the trial court did not explicitly inform appellant that the court could proceed immediately to judgment and sentence, the record reveals that, upon accepting appellant's guilty plea, the trial court attempted to schedule a sentencing hearing for a

later date. However, before a sentencing date could be scheduled, a discussion relating to sentencing took place off the record between the trial court and appellant's attorney. Subsequently, the parties returned on the record and proceeded immediately to sentencing. In light of the parties' off-the-record discussion and the ultimate decision to proceed immediately with sentencing, it is clear that the trial court discussed the possibility of proceeding immediately to sentencing with appellant's attorney. Thus, we find that the trial court substantially complied with Crim.R. 11(C).

{¶ 36} Moreover, a defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made must demonstrate prejudice as a result of the alleged error. *State v. Johnson* (1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295. The test is whether the plea would have otherwise been made. Id. Appellant has failed to demonstrate, or even argue, that he was prejudiced in any way by the trial court's alleged failure to explain that it could proceed immediately to judgment and sentence. Accordingly, appellant's argument lacks merit. See *State v. Steele*, Cuyahoga App. No. 85901, 2005-Ohio-5541, ¶15.

{¶ 37} Finally, appellant argues that he was improperly induced to enter a guilty plea based on the prosecutor's false statement of law that the trial court could impose an additional one to ten years in prison for the major drug offender specification. Appellant's contention is based on his belief that the

imposition of an additional prison sentence of ten years for the major drug offender specification was rendered unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶ 38}** In *State v. Bridges*, Cuyahoga App. No. 94469, 2010-Ohio-6359, this court rejected appellant's interpretation of *Foster* stating, "[a]s we have previously recognized, rather than eliminating penalty enhancements for repeat violent specifications," *Foster* only severs the language requiring judicial fact-finding in R.C. 2929.14(D)(3)(b). Id., ¶15, quoting *State v. Marcano*, Cuyahoga App. No. 92449, 2009-Ohio-6458, ¶12. Therefore, the effect of the *Foster* judgment was to sever only the language that required judicial fact-finding as a prerequisite to imposing the additional add-on sentence when a defendant is found to be a major drug offender. See *State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio- 2285, 846 N.E.2d 1234, ¶17 ("As the statute now stands, a major drug offender still faces the mandatory maximum ten-year sentence that the judge must impose and may not reduce. Only the add-on that had required judicial fact-finding has been severed."). Thus, appellant's argument is without merit. Appellant was subject to an additional sentence as a major drug offender at the trial court's discretion, and there was no false inducement in this case.

**{¶ 39}** For the foregoing reasons, we overrule appellant's first assignment of error.

# II

{¶ 40} In appellant's second assignment of error, he argues that the trial court failed, as required by statute, to notify him of his court costs and the consequences of failing to pay the court costs. The state concedes appellant's argument pursuant to this court's decision in *State v. Cardamone*, Cuyahoga App. No. 94405, 2011-Ohio-818. Accordingly, we vacate the portion of the trial court's entry relative to court costs and remand for notification to appellant as to court costs and the consequences of failing to pay court costs. See, also, *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930 N.E.2d 838, ¶22; *State v. Burns*, Gallia App. Nos. 08CA1, 08CA2, and 08CA3, 2009-Ohio-878, ¶12; and *State v. Dansby*, Tuscarawas App. No. 08 AP 06 0047, 2009-Ohio-2975, ¶21–23.

{¶ 41} Additionally, appellant contends that the trial court failed to impose a mandatory sentence for drug trafficking. This argument is incorrect. During sentencing, the trial court stated, "[a]nd I will state for the purposes of the record that the ten-year sentence imposed by the Court was mandatory pursuant to statute." Therefore, the record reveals that appellant was notified of his mandatory term of imprisonment in open court.

{¶ 42} Appellant's second assignment of error is overruled.

{¶ 43} Appellant's convictions are affirmed; appellant's sentence is affirmed in part, reversed in part, and remanded. On remand, a hearing

shall be held only for the purpose of proper notification of court costs and the penalty for failure to pay court costs.

{¶ 44} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR