[Cite as *State v. Bates*, 2012-Ohio-3949.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97631, 97632, 97633, and 97634**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ROBERT BATES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-539120, CR-539321, CR-539142, and CR-540937

**BEFORE:** S. Gallagher, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEYS FOR APPELLANT**

Megan M. Patituce
Joseph C. Patituce
Patituce & Associates, LLC
26777 Lorain Road
Suite 708
North Olmsted, OH   44070

**Also listed:**

Robert Bates
Inmate No. 621-051
Lorain Correctional Institution
2075 S. Avon-Belden Road
Grafton, OH   44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Andrew J. Santoli
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** In this consolidated appeal, appellant, Robert Bates, appeals his convictions in the underlying actions and challenges the trial court's decision to deny his motion to withdraw his guilty plea.   For the reasons stated herein, we affirm.

**{¶2}** Bates was charged under multi-count indictments in the four underlying cases, Cuyahoga C.P. Nos. CR-539120, CR-539321, CR-539142, and CR-540937. Following the denial of a motion to suppress, Bates entered guilty pleas to a total of six counts of robbery, in violation of R.C. 2911.02(A)(2), three of which included a three-year firearm specification and three of which included a one-year firearm specification.   The remaining counts in the underlying cases were dismissed.

**{¶3}** Prior to sentencing, Bates made an oral motion to withdraw his guilty plea that was denied by the trial court.   The court proceeded to sentence Bates as follows:

CR539120:
    Count 1: seven years with a three-year firearm specification to be served prior and consecutive to the underlying sentence, for a total of ten years.

CR539142:
    Count 1:  seven years with a three-year firearm specification to be served prior and consecutive to the underlying sentence, for a total of ten years.
    Count 8:  seven years with a three-year firearm specification to be served prior and consecutive to the underlying sentence, for a total of ten years.
    Count 12:  seven years with a one-year firearm specification to be served prior and consecutive to the underlying sentence, for a total of eight years.

The trial court ordered the sentences in count 1 and count 8 to run consecutive to each other, and count 12 to run concurrent with counts 1 and 8. The total sentence was twenty-one years * * *.

CR539321:
Count 3: eight years with a one-year firearm specification to be served prior and consecutive to the underlying sentence, for a total of nine years.

CR540937:
Count 1: eight years with a one-year firearm specification to be served prior and consecutive to the underlying sentence, for a total of nine years.

The court ordered the sentences in each case to run consecutive to the others for a total aggregate sentence of 49 years.

{¶4} Bates filed a timely appeal in each case, and the cases have been consolidated for appellate review. He raises two assignments of error. His first assignment of error provides as follows: "The trial court failed to comply with Criminal Rule 11 by not advising appellant of the maximum penalties appellant would be subjected to upon entering guilty pleas."

{¶5} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. Pursuant to Crim.R. 11(C)(2)(a), the court shall not accept a plea of guilty in a felony case without first addressing the defendant personally and determining that he is making the plea voluntarily and with understanding of the nature of the charges and of the maximum penalty involved. The standard for reviewing

the nonconstitutional requirements of Crim.R. 11(C)(2)(a), which includes the maximum penalties, is substantial compliance. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "A plea is in substantial compliance with Crim.R. 11 when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker*, 8th Dist. No. 65794, 1994 WL 530892 (Sept. 29, 1994). Furthermore, a defendant must show a prejudicial effect. *Stewart* at 93.

{¶6} Bates contends that the trial court failed to properly advise him of the maximum penalty involved. Specifically, Bates maintains that the trial court did not advise him of the maximum penalty he faced in each case or of the total aggregate sentence he faced. Bates further argues that the trial court failed to advise him of the mandatory time he was subject to on the firearm specifications. Our review of the plea transcript demonstrates that the trial court substantially complied with the mandates of Crim.R. 11 and that Bates entered a knowing, intelligent, and voluntary plea to the charges.

{¶7} At the plea hearing, the state set forth the plea agreement on the record before the court and Bates. The state set forth the charges, as amended, to which Bates agreed to plead guilty, with a request that the remaining charges be nolled. The prosecutor specifically stated as follows:

> And just so the record is clear, in regards to all four of the cases, the gun specifications do not merge. They must be run consecutive to each other and prior to this Court sentencing Mr. Bates for any term of incarceration on the felony of the second degree robberies, so that means that Mr. Bates

will be serving twelve years in firearm specifications prior to any term of incarceration on these six robberies, the felonies of the second degree.

Defense counsel indicated that he had advised Bates of the plea offer and gone over the mandatory time as well as the discretionary time in the case.

{¶8} The court advised Bates that in all of the cases he would be entering pleas to robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2), and that only the gun specifications were different. The court further explained that "[f]elony twos are punishable by between two and eight years in state prison and a fine of up to $15,000" and that the sentences could be run consecutively. The court proceeded to review the prison terms associated with the gun specification on each of the counts to which Bates was pleading in all cases. After reviewing the one- and three-year firearm specifications in each case, the court stated, "that's 12 years of firearm specifications that I've given to you * * *." The court indicated that "there is mandatory time here" and also discussed nonmandatory time. Bates expressed his understanding of the court's advisements. The court proceeded to engage in a thorough Crim.R. 11 plea colloquy with Bates, who acknowledged his rights and understanding of the ramifications of the guilty plea.

{¶9} While Bates claims that the trial court failed to associate the terms of the firearm specifications to the penalty faced for each charge, the record reflects that proper information was provided to Bates and that he had an understanding of the potential maximum penalties associated with his guilty plea. The state placed the plea arrangement on the record and indicated that the gun specifications, which totaled 12 years, were to be served prior and consecutive to the time imposed for the underlying

robbery offenses. The court proceeded to inform Bates of the sentence range he faced for each of the robbery charges and that the sentences could run consecutive. The court also informed Bates of the firearm specification to each count and advised him that he would be given a total of 12 years of firearm specifications. Bates expressed his understanding that his sentence included mandatory and nonmandatory time, which defense counsel had gone over with Bates.

{¶10} While some of the information was provided by the prosecutor, it has been recognized that a defendant may gain an understanding from sources other than the court and that a trial court's determination that a defendant understands the charges and the potential maximum penalties may be based on the totality of the circumstances. *State v. Sims*, 8th Dist. No. 95979, 2011-Ohio-4819, ¶ 33-34; *see also State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist.1982). Here, the totality of the circumstances indicates that Bates understood the nature of the charges and the maximum penalty that could be imposed upon his guilty plea. Additionally, no prejudice has been shown by Bates.

{¶11} Further, although the court did not explicitly inform Bates of the maximum aggregate sentence he could serve, the trial court's omission does not rise to the level of violating Crim.R. 11. Bates points to no language in Crim.R. 11 that requires the trial court to advise a defendant of the maximum aggregate sentence he could serve on the offenses. Rather, Crim.R. 11(C)(2)(a) requires that the trial court determine defendant's understanding of the nature of the charges and of the maximum penalty involved.

{¶12} Our review reflects that the trial court substantially complied with the requirements of Crim.R. 11 and that Bates entered his plea knowingly, intelligently, and voluntarily.  Accordingly, we overrule the first assignment of error.

{¶13} Bates's second assignment of error provides as follows: "The court erred in denying appellant's motion to withdraw his guilty plea."

{¶14} Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted.  *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a plea prior to sentencing, and it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.  *Id.*

{¶15} At the time of the sentencing hearing, Bates made an oral motion to withdraw his plea.  Bates argued that he was under duress and misconceptions at the time he entered his guilty plea.  He also argues on appeal that he was not fully aware of the consequences of his guilty plea, that he was indecisive with his plea, and that he only has a sixth-grade education.  After hearing arguments from counsel and allowing the defendant an opportunity to address the court, the trial court denied the motion.  The court indicated that the case had been pending a long time, the court had twice gone through a detailed plea colloquy with Bates, the court had fully complied with Crim.R. 11, Bates understood what he was doing, and two psychological evaluations had been performed and Bates was found competent to stand trial.

**{¶16}** Generally, a trial court does not abuse its discretion in denying a presentence motion to withdraw a plea when the following factors are present: (1) the defendant is represented by competent counsel, (2) the defendant was afforded a full Crim.R. 11 hearing before he entered the plea, (3) a hearing is held on the motion to withdraw the plea during which the court considers the defendant's arguments in support of the motion. *State v. Bridges*, 8th Dist. No. 87633, 2006-Ohio-6280, ¶5; *see also State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980).

**{¶17}** A review of the record in this case, as set forth above, demonstrates that all of the foregoing criteria were met. The record reflects that Bates was represented by competent counsel, he was afforded a full Crim.R. 11 hearing, he understood the nature of the charges and possible penalties, and his guilty plea was entered knowingly, voluntarily, and intelligently. The court held a hearing on the motion to withdraw and gave full and fair consideration to the plea withdrawal request. Additionally, the motion to withdraw was made after the cases had been pending for a lengthy time and was made at the time of sentencing.

**{¶18}** Our review of the record indicates that the trial court did not abuse its discretion in denying Bates's motion to withdraw his guilty plea. Therefore, we overrule his second assignment of error.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR